988 F.2d 120
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Cung T. NGUYEN, Plaintiff-Appellant,
v.
HUGHES AIRCRAFT COMPANY, Defendant-Appellee.
 No. 91-56071.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 3, 1993.
Decided Feb. 10, 1993.
 
 Appeal from the United States District Court for the Southern District of California; No. CV-90-0931-B, Rudi M. Brewster, District Judge, Presiding.
 S.D.Cal.
 AFFIRMED.
 Before PREGERSON, LEAVY and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 OVERVIEW
 
 2
 Cung T. Nguyen, proceeding in propria persona, filed an employment discrimination action under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-5) against Hughes Aircraft Company ("Hughes"). Nguyen, who is Vietnamese, alleged that Hughes discharged her because of her national origin. The district court awarded summary judgment in favor of Hughes. The court concluded that Nguyen failed to demonstrate a triable issue of material fact suggesting that Hughes's performance-based reasons for discharging her were merely a pretext for discrimination. Nguyen appeals.
 
 
 3
 We have jurisdiction under 28 U.S.C. § 1291. We affirm.
 
 DISCUSSION
 
 4
 I. Did the settlement of Nguyen's union grievance bar the discrimination action against Hughes?
 
 
 5
 Hughes contends that Nguyen is equitably estopped from bringing this employment discrimination action because she "settled" her union grievance against them after her discharge. The authority cited by Hughes, Oubichon v. North American Rockwell Corp., 482 F.2d 569 (9th Cir.1973), does not support this proposition. Nguyen was not barred from bringing this Title VII action.
 
 
 6
 II. Did the district court err because it did not hear oral argument from Nguyen at the summary judgment hearing?
 
 
 7
 Nguyen has submitted no evidence that the district court did not give her the opportunity to be heard at the summary judgment hearing. In fact the district court's memorandum decision states: "[u]pon consideration of defendant's motion for summary judgment, plaintiff's opposition thereto, and the oral argument thereon, the court hereby enters the following memorandum decision and order." Memorandum Decision and Order Granting Defendant's Motion For Summary Judgment, dated July 31, 1991, at 1 (emphasis added).
 
 
 8
 Even if the district court had refused to hear oral argument, "[a] judge may, in the judge's discretion, decide a motion without oral argument." U.S.Dist.Ct., South.Dist.R. 7.1.
 
 
 9
 III. Did the district court err when it granted summary judgment in favor of Hughes?
 
 
 10
 We review de novo a grant of summary judgment. Federal Deposit Ins. Corp. v. O'Melveny & Myers, 969 F.2d 744, 747 (9th Cir.1992). Viewing the evidence in the light most favorable to the nonmoving party, we determine whether there are any genuine issues if material fact, and whether the district court correctly applied the relevant substantive law. Id.
 
 
 11
 We have reviewed the record. We agree with the district court. Hughes has proffered reasons that would justify Nguyen's discharge, if they were not a pretext for discrimination against her. See Merrick v. Farmers Ins. Group, 892 F.2d 1434, 1437 (9th Cir.1990). Nguyen has presented absolutely no evidence suggesting that Hughes's reasons were pretextual.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3